UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ELMER PARKER, JR.,                                    02 CV 3683 (DRH)(JO)

               Plaintiff,                            AMENDED
                                                      COMPLAINT AND
- against –                                           JURY TRIAL DEMAND

P.O. STEPHEN J. SCYMCYK, Shield No. 2935
and P.O. CALVERT,

               Defendants.
---------------------------------------------------------------X

      Plaintiff, ELMER PARKER, JR., by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

### VENUE

      4.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

      5.    Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## **PARTIES**

6.     At all times relevant hereto plaintiff, ELMER PARKER, JR., was and is a natural person, resident in Roosevelt, County of Nassau, State of New York.

7.     At all times relevant hereto defendant P.O. STEPHEN J. SCYMCYK, Shield No. 2935 (hereinafter "SCYMCYK") was and is a natural person, employed by the Nassau County Police Department.

8.     At all times relevant hereto defendant P.O. CALVERT (hereinafter "CALVERT") was and is a natural person, employed by the Nassau County Police Department.

## **AS AND FOR A FIRST CAUSE OF ACTION**
## **AGAINST DEFENDANT SCYMCYK**
## **(42 U.S.C. §1983)**

9.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "8" hereinabove as if more fully set forth at length herein.

10.     On or about February 22, 2001, at approximately 3:30 A.M., in the vicinity of Nassau Road and Hudson Avenue in Roosevelt, County of Nassau, State of New York, plaintiff was seated in the front passenger seat of a motor vehicle that was parked with its engine running.

11.     At the aforesaid time and place, plaintiff was talking on a cell phone, the front passenger door of the vehicle was open, and plaintiff was seated sideways, with his legs out of the vehicle and on the ground.

12.     Several marked Nassau County Police Department motor vehicles arrived at the aforementioned location.

13. Several police officers exited their aforementioned vehicles.

14. Two of the aforementioned officers, upon information and belief defendants SCYMCYK and CALVERT, approached plaintiff and asked for his operator's license.

14. Plaintiff, at the aforesaid time, did not possess a valid New York State driver's license.

15. Consequently, plaintiff produced a New York State non-driver's identification card to defendant SCYMCYK or defendant CALVERT.

16. Defendant SCYMCYK or defendant CALVERT returned to his motor vehicle and, upon information and belief, ran plaintiff's information on his computer.

17. After several moments, defendant SCYMCYK returned to plaintiff and informed him that he was being placed under arrest for operating a motor vehicle with a suspended license.

18. Plaintiff remonstrated with defendant SCYMCYK, pointing out to him that he had not been operating the vehicle and that it had been parked.

19. Defendant SCYMCYK replied that, because the vehicle's motor was running, he was placing plaintiff under arrest.

20. Plaintiff was removed from the vehicle and rear handcuffed.

21. Once plaintiff was removed from the motor vehicle, defendant CALVERT conducted a search of the motor vehicle in which plaintiff had been sitting.

22. Defendant CALVERT found a bag in the vehicle, allegedly containing a white substance.

23. Defendant SCYMCYK examined the bag and concluded that the aforementioned white substance was crack cocaine.

24. Plaintiff was charged by defendant SCYMCYK with violations of Penal Law §220.06, criminal possession of a controlled substance in the fifth degree, a felony; Penal Law §220.03, criminal possession of a controlled substance in the seventh degree, a misdemeanor; and Vehicle and Traffic Law §511(2)(iv), aggravated unlicensed operation of a motor vehicle in the second degree, a misdemeanor.

25. Plaintiff was arraigned on the aforesaid charges and bail was set.

26. Plaintiff could not satisfy the aforesaid bail condition at the time of his arraignment.

27. Plaintiff was transported to the Nassau County Correctional Center, where he was incarcerated for fourteen days, until his bail was paid.

28. On or about March 5, 2001, a test conducted by a detective assigned to the Nassau County Police Department's Scientific Investigation Bureau concluded that the white substance allegedly found in the motor vehicle plaintiff was seated in at the time of his arrest was not a controlled substance.

29. The charges against plaintiff arising out of the aforementioned arrest were not dismissed until February 27, 2002.

30. Defendants SCYMCYK and CALVERT violated plaintiff's right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they falsely and maliciously arrested plaintiff without any probable cause to do so, maliciously prosecuted plaintiff and caused plaintiff to be incarcerated, thus causing plaintiff to have

to expend sums for legal services; to lose time and income from his employment and to require medical treatment.

    31.    As a result of the aforementioned unconstitutional and illegal actions taken against him by defendants SCYMCYK and CALVERT, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants SCYMCYK and CALVERT.

    WHEREFORE, plaintiff, ELMER PARKER, JR., demands judgment against defendants, P.O. STEPHEN J. SCYMCYK, Shield No. 2935 and P.O. CALVERT, in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants SCYMCYK and CALVERT.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       July 19, 2005

                                                ALAN D. LEVINE (AL 3634)
                                                Attorney for Plaintiff
                                                80-02 Kew Gardens Road, Suite 1010
                                                Kew Gardens, New York 11415
                                                718-793-6363
                                                File No:  1992