UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ELMER PARKER, JR.,

                    Plaintiff,                **MEMORANDUM AND ORDER**
                                                        02-CV-3683 (DRH) (AKT)
  -v.-

P.O. STEPHEN J. SCYMCYK, Shield Number
2935, and P.O. CALVERT,

                    Defendants.
_____

**APPEARANCES:**

**For the Plaintiff:**
**Alan D. Levine, Esq.**
80-02 Kew Gardens Road
Suite 1010
Kew Gardens, New York 11415

**For the Defendants:**
**Lorna B. Goodman**
**Nassau County Attorney**
One West Street
Mineola, New York 11501
By: Liora M. Ben-Sorek, Deputy County Attorney

**HURLEY, District Judge:**

        Presently before the Court is the motion by defendants Police Officers Stephen J. Scymcyk ("Scymcyk") and Calvert ("Calvert") (collectively, "Defendants") to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, the motion is granted in its entirety and this case is dismissed.

## BACKGROUND

        The following facts are undisputed, unless noted. Plaintiff Elmer Parker, Jr. ("Plaintiff") commenced this action on June 24, 2002. His original Complaint named the County

of Nassau, the Nassau County Police Department, the Nassau County Sheriff's Department, Police Officers John Doe 1-10, and Corrections Officers 1-10 as defendants. Plaintiff claimed violations under 42 U.S.C. §§ 1983 ("Section 1983"), 1985, and 1986 arising out of his alleged wrongful arrest on April 11, 2001. Plaintiff was represented by counsel when the original Complaint was filed.

On November 8, 2002, and pursuant to Rule 26(a), the original defendants served initial disclosures upon Plaintiff's counsel which included, among other things, the identities of the following three individuals having knowledge of the claims and/or defenses: Police Officers Joseph L. Angelino, Scymcyk, and Calvert. Plaintiff's counsel never sought to amend Plaintiff's Complaint to add or substitute any of these three officers as defendants in this action.

In August 2003, Plaintiff's attorney moved to be relieved as counsel. This application was granted in September 2003 and Plaintiff continued to litigate this case pro se.

On March 21, 2005, present counsel appeared on behalf of Plaintiff. According to counsel, at the time he was retained Plaintiff explained to him that the date listed for his arrest in the Complaint, i.e., April 11, 2001, was incorrect. Plaintiff indicated that the correct date was February 22, 2001.

On July 21, 2005, Plaintiff's new attorney filed an Amended Complaint naming only Scymcyk and Calvert as defendants. The Amended Complaint alleges that Defendants violated Plaintiff's civil rights by falsely and maliciously arresting him on February 22, 2001 without probable cause. The Amended Complaint further charges Defendants with malicious prosecution and alleges that the charges against Plaintiff arising out of his arrest were not dismissed until February 27, 2002. Plaintiff seeks damages under Section 1983 and attorneys'

2

fees under 42 U.S.C. § 1988.

Defendants now move to dismiss the Complaint under Rule 12(b)(6) on the grounds that the Amended Complaint is barred by the statute of limitations. For the reasons discussed below, their motion is granted and the Amended Complaint is dismissed.

## **DISCUSSION**

The statute of limitations for claims brought pursuant to Section 1983 in New York is three years. *Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir. 1994); *see also Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir. 1997) (explaining that Section 1983 claims are governed by the state statute of limitations for personal-injury actions). However, when that statute of limitations begins to run, i.e., when the cause of action "accrues," is governed by federal law. *See Ormiston*, 117 F.3d at 71; *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997). Under federal law, the accrual date for a Section 1983 claim is when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pinaud v. City of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). "'[T]he proper focus is on the time of the [unlawful] act, not the point at which the consequences of the act become[ ] painful.'" *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir. 1994) (quoting *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981)).

Here, the parties do not dispute that Plaintiff's claim for false arrest accrued on February 22, 2001, the date of his arrest, and that his claim for malicious prosecution accrued on February 27, 2002, the date the charges against him were dismissed. Thus, the statute of limitations for these claims expired on February 22, 2004, and February 27, 2005, respectively. Plaintiff's Amended Complaint, however, was not filed until July 21, 2005. Accordingly, Plaintiff's claims are untimely.

3

Plaintiff attempts to avoid this conclusion by arguing that, pursuant to Rule 15(c), his claims "relate back" to the date on which the original Complaint was filed. Under Rule 15(c), an amendment adding a new party will "relate back" to the date of the original complaint only when the claim arises out of the same "conduct, transaction, or occurrence" originally pleaded and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but *for a mistake concerning the identity of the proper party*, the action would have been brought against the party.

Fed. R. Civ. P. 15(c) (emphasis added).

There is no dispute that the claims asserted in the Amended Complaint arise out of the same conduct as that alleged in the original Complaint. Moreover, Defendants make no argument that they will be prejudiced by the amendment. Instead, the sole issue raised by this motion is whether Plaintiff's failure to name Defendants in the original pleading was a mistake under Rule 15(c). Rule 15(c) has been interpreted to allow for mistakes of fact as well as law. The Court will discuss each in turn.

## I. *Mistake of Fact*

The Second Circuit has indicated that a party commits a mistake of fact in identifying a defendant for purposes of Rule 15(c) when "the change is the result of an error, such as a misnomer or misidentification." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1996), *modified on other grounds*, 74 F.3d 1366 (2d Cir. 1996). A mistake does not occur, however, where there is a lack of knowledge of the proper party. *Id.* at 470 ("Rule 15(c)

does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."); *see also Malesko v. Correctional Servs. Corp.*, 229 F.3d 374, 383 (2d Cir. 2000) ("A plaintiff is not considered to have made such a 'mistake,'. . . if the plaintiff knew that he was required to name an individual as a defendant but did not do so because he did not know the individual's identity."), *rev'd on other grounds*, 534 U.S. 61 (2001). Thus, in *Malesko*, the Second Circuit found that where plaintiff clearly believed that individual defendants were liable for his injuries but did not know their exact identities, as evidenced by the use of "JOHN DOE" defendants in the caption, plaintiff could not "avail himself of Rule 15(c) such that his untimely substitution of specifically named individuals for 'DOE' defendants may 'relate back' to the date he filed his original complaint." *Id.* at 383-84.

In this case, it is clear from the caption of the initial Complaint, which names "POLICE OFFICERS JOHN DOE 1-10" as defendants, that Plaintiff intended on substituting specifically named defendants upon learning their identities. Defendants, in their mandatory disclosure, provided the identities of three police officers "likely to have discoverable information that the disclosing party may use to support its claims or defenses." Notwithstanding the fact that Plaintiff's counsel had this information since November 8, 2002, no effort was made to determine whether any of these officers were the individuals involved in Plaintiff's arrest and, if so, to amend the Complaint to add these individuals in a timely fashion. Plaintiff argues that his conduct should be excused because he was proceeding pro se from August 2003 to March 2, 2005, at which time present counsel was retained and all statutes of limitations had expired. This precise argument, however, has already been rejected by the

Second Circuit. *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) ("And even when a suit is brought by *pro se* litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'") (quoting *Barrows*, 66 F.3d at 470). Accordingly, the Court finds that Plaintiff did not make a factual mistake for purposes of Rule 15(c).[1]

## II.     *Mistake of Law*

An amended complaint adding individual defendants may also relate back if the plaintiff demonstrates that she made a legal mistake, i.e., "she misunderstood the legal requirements of her cause of action." *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 36 (2d Cir. 1996). As explained by the Second Circuit:

> This phrasing of the "mistake" criterion was introduced in the 1966 amendment to Rule 15. According to the Advisory Committee Note accompanying the 1966 amendment, the language was prompted by several cases in which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants. . . . The amendment was expressly intended to preserve legitimate suits despite such mistakes of law at the pleading stage.

*Id.* at 35-36 (citations omitted).

In *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994), the plaintiff sued her institutional employer under Title VII and Section 1983, alleging that her employer had a policy of treating women differently than men. After the statute of limitations had expired, she

---

[1] Plaintiff's citation to *Noguera v. Hasty*, No. 99 Civ. 8786, 2000 WL 1011563 (S.D.N.Y. July 21, 2000) is inapposite. In that case, the court found that plaintiff's failure to name one of the wardens was due to a mistake in fact on plaintiff's behalf as to which warden was in charge during the relevant time period. *Id.* at 15. Thus, plaintiff's error was due to a misidentification and not a lack of knowledge as to identity.

6

amended her complaint, adding as defendants the individuals who were described in the original pleading. The Second Circuit found that plaintiff had not made a mistake under Rule 15 because plaintiff "was not required to sue [the individual defendants], and her failure to do so in the original complaint . . . must be considered a matter of choice, not mistake." *Id.* at 705.

By contrast, in *Soto*, the plaintiff filed an action against a correctional facility under Section 1983. 80 F.3d at 35. To make out a claim against a municipality under section 1983, a plaintiff must do more than simply allege that agents of the municipality violated his rights; he must also show that the deprivation of his rights occurred pursuant to a municipal custom or policy of depriving persons of those rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Soto's complaint, however, did not allege any such custom or policy. The Second Circuit found that because Soto was required to sue the individual defendants to maintain his Section 1983 action, "[h]is failure to do so cannot be considered a matter of choice; but for his mistake as to the technicalities of constitutional tort law, he would have named the officers in the original complaint, within the three-year limitations period, or at least named the superintendent of the facility and obtained the names of the responsible officers through discovery." *Soto*, 80 F.3d at 37. The court therefore found that because Soto did not know that he needed to name individual defendants, his failure to do so was properly characterized as a mistake under Rule 15(c). *Id.*

Here, Plaintiff's original Complaint named institutional defendants and John Doe defendants. Further, as in *Cornwall*, Plaintiff alleged that the deprivation of his rights occurred pursuant to an institutional policy. Therefore, unlike the plaintiff in *Soto*, Plaintiff did not mistakenly name the County defendants instead of the individual defendants because he was

7

mistaken about the law. Instead, he chose to sue both County defendants and John Doe defendants and when he learned the latter's identities through discovery, he failed to amend to add them as parties. Under these circumstances, Plaintiff's omission cannot constitute a mistake of law under Rule 15(c).

In sum, the Court finds that Plaintiff did not make a mistake within the meaning of Rule 15(c)(3). Accordingly, his amendment does not relate back to the original Complaint and is therefore time-barred.

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted and this case is dismissed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, N.Y.
June 7, 2006

/s
Denis R. Hurley,
United States District Judge